# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **JAMES DEWEY MOSER,** ) <br> ) <br> **Defendant.** ) <br> _____) | Case No. 09-40086-01-CM |

## MEMORANDUM AND ORDER

On June 21, 2010, a jury convicted defendant James Dewey Moser of multiple counts of bankruptcy fraud and one count of conspiracy to commit bankruptcy fraud. The court entered Judgment on November 3, 2010. Defendant filed an appeal on November 4, 2010. This matter is currently before the court on defendant's Motion for Release Pending Appeal (Doc. 111), in which he seeks release under Federal Rule of Criminal Procedure 46(c) and 18 U.S.C. § 3143(b)(1). The government does not oppose defendant's motion.

**I.     Legal Standards**

18 U.S.C. § 3143 governs the release of a defendant pending appeal. Fed. R. Crim. P. 46(c). Under § 3143(b)(1), the court must order detention unless the defendant establishes by clear and convincing evidence that he is not likely to flee or pose a safety risk to others or the community. The defendant must also established that the appeal is not for purposes of delay and "raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal

process." 18 U.S.C. § 3143(b)(1).

**II.   Analysis**

Defendant has been on release since his arrest on November 17, 2009. During that time, defendant has maintained employment, reported to authorities as required, and attended all necessary court proceedings. The government does not object to defendant being released under the current terms of supervised release. Upon review of the record, the court finds that defendant has established by clear and convincing evidence that he is not likely to flee or to be a danger to society if he is released pending appeal.

The court further finds that defendant meets the other requirements of § 3143(b)(1). Defendant's appeal is not for purposes of delay. It raises an issue of first impression in the Tenth Circuit—multiplicity under 18 U.S.C. § 152(1)—and factual issues related to his sentencing. The issue of multiplicity is a "'close' question or one that very well could be decided the other way." *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (quotation omitted). A favorable result on appeal could result in a reversal on multiple counts or a new trial.

Additionally, exceptional circumstances exist that warrant defendant's release pending appeal. As noted in the record, defendant's wife has substantial health problems that require daily medical assistance. Defendant is her main source of assistance. She has no other family in the Kansas City area.

For theses reasons, the court grants defendant's motion. Defendant shall be released pending appeal under the same terms and conditions as set forth in the Order Setting Conditions of Release (Doc. 5). Upon resolution of his appeal, if appropriate, defendant shall surrender for service of sentence at the facility designated by the Bureau of Prisons as notified by the United States

Marshal's office.

**IT IS THEREFORE ORDERED** that defendant's Motion for Release Pending Appeal (Doc. 111) is granted.

**IT IS FURTHER ORDERED** that defendant shall be released pending appeal under the same terms and conditions as set forth in the Order Setting Conditions of Release (Doc. 5). Upon resolution of his appeal, if appropriate, defendant shall surrender for service of sentence at the facility designated by the Bureau of Prisons as notified by the United States Marshal's office.

Dated this 17th day of November 2010, at Kansas City, Kansas.

                **s/ Carlos Murguia**
                **CARLOS MURGUIA**
                **United States District Judge**