# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 13-4057-CM |
| ) | Criminal Case No. 09-40086-CM |
| JAMES DEWEY MOSER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Defendant moves the court to vacate or amend his sentence under 28 U.S.C. § 2255, arguing that his counsel was constitutionally ineffective for various reasons (Doc. 131). Defendant also requests appointment of counsel (Doc. 133) and an evidentiary hearing (Doc. 136). For the following reasons, the court denies defendant's motions.

### I. FACTUAL BACKGROUND

On October 28, 2009, a grand jury returned an indictment charging defendant with multiple counts of bankruptcy fraud and one count of conspiracy to commit bankruptcy fraud. These charges were based on defendant's conduct in two bankruptcy cases: a Chapter 7 proceeding filed on April 27, 2005, and a Chapter 13 proceeding filed on April 3, 2007. The indictment alleged that at the time of filing the Chapter 7 and Chapter 13 bankruptcy petitions, and throughout the bankruptcy proceedings, defendant intentionally concealed assets from the Chapter 7 and Chapter 13 trustees. The court appointed Michael Jackson to represent defendant.

This court presided over defendant's jury trial. During trial, defendant argued—among other things—that the property he allegedly concealed (i.e., the property underlying the counts in the indictment) belonged to, or was a business asset of, Hallmark Arabian Farms LLC ("HAF"), not

-1-

defendant. Based on this argument, defendant contended that because the property did not belong to defendant's bankruptcy estate, he was not required to claim it on his bankruptcy schedules, and thus, he did not fraudulently conceal it from the trustees and could not have had the fraudulent intent to conceal it from the trustees. The jury rejected this argument and convicted defendant. This court sentenced defendant to 121 months' imprisonment.

Defendant appealed several issues, and the Tenth Circuit affirmed this court on December 19, 2011. Defendant filed a petition for writ of certiorari to the Supreme Court, which was denied on May 21, 2012. Defendant timely filed the instant 28 U.S.C. § 2255 motion on May 24, 2013. The government opposes the motion.

**II.     ANALYSIS**

    **A. <u>Ineffective Assistance Of Counsel</u>**

Defendant argues his counsel was constitutionally ineffective. To succeed on this claim, defendant must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness, and (2) defendant suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the first prong, defendant must show that counsel's performance was neither reasonable under prevailing professional norms nor sound trial strategy. *Id.* at 688–89. Under the second prong, defendant must show a reasonable probability that, but for counsel's deficient performance, the result of the case would have been different. *Id.* at 694.

    **1. Counsel Meaningfully Tested The Government's Case**

Defendant principally contends his counsel "entirely fail[ed] to subject the prosecutor's case to meaningful adversarial testing." (Doc. 131 at 14.) A review of the transcript refutes this argument.[1] Counsel thoroughly and vigorously cross-examined the government's witnesses and, in the process, highlighted to the jury several instances where the evidence arguably indicated that defendant did not

---

[1] The court reviewed the complete trial transcript in resolving this motion.

own the allegedly concealed property. (*See, e.g.*, Doc. 117 at 110–11 (questioning Kristie Orme about the ownership of the 2003 option contract); *id.* at 134–35 (confirming with Ms. Orme that defendant was not a party to the 2005 lawsuit involving the 2003 option contract).) Counsel also presented several other arguments to undermine the government's case and question witness credibility. (*See, e.g.*, *id.* at 162–65 (suggesting through his questions that defendant complied with Chapter 7 forms in disclosing stamps and coins); *id.* at 172–73 (highlighting $27,000 in trustee's fees in Chapter 7 proceeding).)

The record and other evidence also rebut defendant's position. Counsel filed several motions before, during, and after trial. His Criminal Justice Act ("CJA") worksheet reveals that he personally reviewed thousands of pages of discovery, interviewed witnesses, hired an expert to educate him on the intricacies of bankruptcy law, researched the law, maintained regular communication with defendant, and prepared for trial. In total, counsel billed over 380 hours on this case.

Defendant's complaint is also inconsistent with the court's recollection of trial. Defense counsel made relevant and necessary objections, was organized each day, eloquently argued trial issues, and demonstrated a professional manner throughout the litigation. He cogently outlined the main points for the jury during opening and closing arguments. And he appeared genuinely interested and engaged in advocating defendant's interests. The court cannot conclude, therefore, that defense counsel failed to meaningfully test the government's case.

### 2. Defendant's Supporting Facts Do Not Demonstrate Deficient Performance And/Or Prejudice.

Defendant identifies twenty-four "Supporting Facts" in an effort to challenge counsel's performance. These facts are difficult to analyze given defendant's lack of specificity. For example, defendant alleges counsel "fail[ed] to introduce the evidence showing the stamps and coins were disclosed properly at filing, during the 341 hearings and through out [sic] the bankruptcy process."

(Doc. 131 at Supporting Fact 3.) But defendant never identifies the evidence counsel allegedly failed to introduce.[2] This basic information is essential to evaluating defendant's claims and, without it, defendant does not carry his burden. The majority of defendant's other facts suffer from the same shortcoming. (*See, e.g.*, *id.* at Supporting Facts 3–4 and 11–12 (failing to identify specific evidence).)

Defendant contends counsel failed to call several key witnesses including Doug Patterson, Tom Mullinix, and Drew Frackowiak to testify on certain issues.[3] (Doc. 131 at Supporting Facts 1–2 and 5–24.) Deciding what witnesses to call is a strategic decision. *See Boyle v. McKune*, 544 F.3d 1132, 1139 (10th Cir. 2008) (explaining that "the decision of which witnesses to call is quintessentially a matter of strategy for the trial attorney"). And defendant has not demonstrated that defense counsel lacked a reasonable basis for not calling these men. Conversely, the record reveals several obvious strategic reasons for not calling these individuals.[4] All three men served as defendant's attorney and, arguably, their testimony would involve privileged material. It is also unclear, given the lack of detail, whether these men would have provided favorable information. Indeed, the record reasonably suggests that at least one of the men was frustrated with defendant during the Chapter 7 proceedings. (Doc. 118 at 313 (responding that—based on his observation—Mr. Mullinix appeared frustrated).)

Defendant argues that counsel did not call him as a witness. Defendant does not allege counsel prevented him from testifying. Rather, he complains that he made the decision to not testify before counsel advised him that counsel would not be calling other witnesses. Defendant does not provide any evidence supporting this argument. And there appears to be several rational bases for

---

[2] In his reply, defendant provides sample demonstrative exhibits that counsel should have used at trial. The suggested demonstrative exhibits are not evidence.

[3] The court notes that defendant did not provide an affidavit outlining the testimony of any uncalled witness.

[4] Counsel's CJA worksheets indicate that he interviewed Messrs. Patterson, Mullinix, and Frackowiak.

-4-

counsel advising defendant against testifying including defendant's previous conviction for conspiracy to commit bank fraud. *See United States v. Miller*, No. 06-40068-1, Doc. 484-1 (jury verdict form).

Even assuming defendant established deficient performance, he has not shown prejudice. Defendant has not demonstrated that the outcome of his trial would have been different but for counsel's deficient performance. He does not explain how the vaguely-described "evidence" that counsel allegedly failed to introduce would have changed the jury's verdict. Defendant fails to show how any uncalled witness's testimony or his testimony could have altered the outcome at trial. And, importantly, several of defendant's alleged shortcomings actually relate to arguments that were fully litigated at trial. For example, Supporting Fact 15 alleges that counsel failed to introduce evidence that the 2003 option agreement was not property of the estate. (Doc. 131.) But counsel made this argument through the cross-examination of Ms. Orme. (*See, e.g.*, Doc. 117 at 110–11 (questioning Ms. Orme about the ownership of the 2003 option contract).)

After reviewing the record the court concludes counsel was a dedicated and compassionate advocate for defendant. His performance at trial demonstrated a detailed knowledge of the complex facts of this case and a diligent investigation of the law. He presented a reasonable defense with conscientious cross-examination of the witnesses. And there were obvious strategic reasons for not calling additional witnesses. Defendant has not shown any prejudice from counsel's representation. Indeed, the defense presented at trial is consistent with the defense outlined by defendant in the instant motion. The court finds defendant received effective assistance of counsel and denies his motion.

### B. Request For An Evidentiary Hearing And Appointment Of Counsel

Defendant also requests appointment of counsel and an evidentiary hearing. A defendant generally does not have a right to counsel in a 28 U.S.C. § 2255 proceeding unless an evidentiary

hearing is required. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). And an evidentiary hearing is generally not required when "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

Defendant has not demonstrated that a hearing is necessary to resolve his motion. The raised issues are general and conclusory, and the existing record is sufficient for resolving them. The court denies his request for an evidentiary hearing. Based on this ruling, defendant is not entitled to appointment of counsel under 28 U.S.C. § 2255. Although the court has discretion to appoint counsel when "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), there is nothing unusually complex or compelling about the issues raised by defendant that warrants appointment under this standard. In addition, his pro se pleadings, while rambling at times, nonetheless demonstrate his ability to articulate his claims. The court denies defendant's request for appointment of counsel.

### C. Certificate Of Appealability

The court is mindful of defendant's pro se status and liberally construes his motions. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (explaining that "because [defendant] appears pro se, we must construe his arguments liberally"). Even with this generous review, however, defendant has not shown that reasonable jurists could debate whether his 28 U.S.C. § 2255 motion should be resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, the court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. 131) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion For Appointment Of Counsel (Doc. 133) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion To Supplement 28 U.S.C. 2255 Pursuant To F. R. Civ. P. 15(c) (Doc. 136) is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

Dated this 16th day of October, 2013, at Kansas City, Kansas.

                                              s/ Carlos Murguia
                                              **CARLOS MURGUIA**
                                              United States District Judge